FILED by____JA____D.C.

**Feb 9, 2021**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA
# 21-80019-CR-CANNON/BRANNON

### CASE NO. _____
**31 U.S.C. §§ 5314 & 5322**
**18 U.S.C. § 1425(a)**
**26 U.S.C. § 7201**
**26 U.S.C. § 7203**

**UNITED STATES OF AMERICA,**

   **v.**

**LUCIA ANDREA GATTA,**

   **Defendant.**

_____

### INDICTMENT

The Grand Jury charges that:

### INTRODUCTION

At all times relevant to this Indictment or as otherwise indicated herein:

1.      **LUCIA ANDREA GATTA**, the defendant, was born in Chile, and became a naturalized U.S. Citizen in 2012. Gatta resided in Palm Beach County, Florida, beginning in June 2001.

### Tax Reporting Obligations

2.      The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

3.      All United States citizens, resident aliens, and legal permanent residents (collectively, "U.S. taxpayers") are obligated to report all income earned, regardless of where it is

earned, on a U.S. Individual Income Tax Return ("IRS Form 1040") each year, and they are required to pay the taxes due on that income.

4.      U.S. taxpayers are obligated to report to the IRS each year whether they had an interest in, or signature authority over, a financial account in a foreign country for that year by checking "Yes" or "No" in the appropriate box on Schedule B of the IRS Form 1040, and identify the country wherein the account was maintained.

5.      Each year, U.S. taxpayers who had an interest in, or signature authority over, one or more financial accounts in a foreign country with an aggregate value of more than $10,000 at any time during the prior year were required to file with the Commissioner of Internal Revenue a Report of Foreign Bank and Financial Accounts ("FBAR"), using Form TD F 90-22.1 prior to January 1, 2013, or, after January 1, 2013, using FinCEN Form 114. An FBAR identified, among other things, the name of the financial institution at which the account was held, the account number, and the maximum value of the account during the calendar year. The FBAR for the applicable year was due by June 30 of the following year.

### Foreign Accounts and Assets

6.      Banca della Svizzera Italiana ("BSI") was a Swiss bank organized under the laws of, and domiciled in, Switzerland. From January 29, 2004 through at least July 2014, **LUCIA ANDREA GATTA** held a financial interest in, and signatory authority over, one or more accounts at BSI, including an account ending in 82962 that was held under the code name "Intensidad."

7.      From at least January 2007 through at least October 2014, **LUCIA ANDREA GATTA** also exercised control over one or more BSI accounts for the "Incantatrice" trust, including an account ending in 104649.

8.     From 2004 through at least July 2014, **LUCIA ANDREA GATTA** also exercised control over one or more BSI accounts owned by her father, including an account ending in 82933 that was held under the code name "Almeja."

9.     Banco de Crédito e Inversiones was a bank organized under the laws of, and domiciled in, Chile. From December 15, 2006, through September 1, 2011, **LUCIA ANDREA GATTA** held a financial interest in, and signatory authority over, one or more accounts at Banco de Crédito e Inversiones, including an account ending in 39431.

10.     Itaú Corpbanca was a bank organized under the laws of, and domiciled in, Chile. From November 2011 through January 2012, **LUCIA ANDREA GATTA** held a financial interest in, and signatory authority over, one or more accounts at Itaú Corpbanca, including an account ending in 64868.

11.     Since approximately 2002, **LUCIA ANDREA GATTA** also held an ownership interest in real property in Chile. As of July 10, 2014, these properties included an apartment in Santiago, Chile, that the defendant estimated to be valued at $400,000, and a beach house in Viña del Mar, Chile, that the defendant estimated to be valued at $800,000. In 2010, Gatta purchased a residence in Jupiter, Florida, for $1,150,000.

## Leaving the United States

12.     On or about December 25, 2019, after learning of the criminal investigation against her, **LUCIA ANDREA GATTA** relocated from the United States to another country. She has remained outside the United States since that time.

## COUNTS ONE THROUGH THREE
### (Failure to File Reports of Foreign Bank and Financial Accounts)

13.     The factual allegations contained in Paragraphs 1 through 12 of this Indictment are re-alleged and incorporated herein.

14.     During calendar years 2012 through 2014, the approximate high balances in **LUCIA ANDREA GATTA's** BSI account ending in 82962 were as follows:

| Year | High Balance |
|------|--------------|
| 2012 | $859,898 |
| 2013 | $534,744 |
| 2014 | $1,004,717 |

15.     On or about the due dates set forth below, within the Southern District of Florida, and elsewhere, the defendant,

### LUCIA ANDREA GATTA,

did unlawfully, willfully, and knowingly fail to file with the Commissioner of Internal Revenue an FBAR disclosing that she had an interest in, and signature and other authority over, a bank, securities, and other financial account in a foreign country, as follows:

| Count | Calendar Year | FBAR Due Date |
|-------|---------------|---------------|
| One | 2012 | June 30, 2013 |
| Two | 2013 | June 30, 2014 |
| Three | 2014 | June 30, 2015 |

Each in violation of Title 31, United States Code, Sections 5314 & 5322(a); and Title 31 Code of Federal Regulations, Sections 1010.350, 1010.306(c)-(d), and 1010.840(b) (formerly Title 31 Code of Federal Regulations, Sections 103.24, 103.27(c)-(d), and 103.59(b)).

4

## COUNTS FOUR THROUGH SEVEN
(Tax Evasion)

16.     The factual allegations contained in Paragraphs 1 through 12 of this Indictment are re-alleged and incorporated herein.

17.     **LUCIA ANDREA GATTA** became a lawful permanent resident of the United States in 2003.

18.     **LUCIA ANDREA GATTA** became a naturalized U.S. citizen on or about February 13, 2012.

19.     From March 2004 through at least July 2014, **LUCIA ANDREA GATTA** attempted to conceal from the United States her ownership of, and control over, foreign financial accounts and assets, and the income derived each year from those assets.

20.     As part of her scheme, **LUCIA ANDREA GATTA** failed to file FBARs that disclosed her ownership of, and control over, foreign financial accounts.

21.     As part of her scheme, **LUCIA ANDREA GATTA** repatriated funds held in her undisclosed BSI account (ending in 82962) by first transferring those funds to her father's BSI account (ending in 82933), and then causing BSI to transfer the funds from her father's BSI account to the defendant's domestic bank accounts.

22.     As part of her scheme, **LUCIA ANDREA GATTA** also failed to file federal tax returns that reported, among other items, the dividend and interest income that she earned through her undisclosed BSI account (ending in 82962) for tax years 2004 through 2014 and failed to pay taxes on any of her income.

23.     On or about the dates set forth in the table below, in the Southern District of Florida and elsewhere, the defendant,

**LUCIA ANDREA GATTA,**

willfully attempted to evade and defeat income tax due and owing to the United States for each of the years set forth in the table below, with each year constituting a separate count of the Indictment, by committing the following affirmative acts, among others:

    a.   maintaining one or more foreign financial accounts that the defendant had not disclosed to the United States;

    b.   receiving interest and dividend income in an undisclosed foreign financial account;

    c.   transferring funds from the defendant's undisclosed foreign financial accounts to the United States through intermediary accounts;

| **Count** | **Tax Year** | **Tax Return Due Date** |
|-----------|--------------|--------------------------|
| Four | 2011 | April 17, 2012 |
| Five | 2012 | April 15, 2013 |
| Six | 2013 | April 15, 2014 |
| Seven | 2014 | April 15, 2015 |

Each in violation of Title 26, United States Code, Section 7201.

## COUNTS EIGHT THROUGH ELEVEN
### (Failure to File Tax Returns)

24.    The factual allegations contained in Paragraphs 1 through 12 and 17 through 22 of this Indictment are re-alleged and incorporated herein.

25.    For each of the years set forth in the table below, the defendant,

**LUCIA ANDREA GATTA,**

had and received gross income in excess of the minimum gross income threshold as stated below. Well-knowing and believing all the foregoing, the defendant did willfully fail to make an income tax return, on or about the dates set forth below, in the Southern District of Florida and elsewhere, with each year constituting a separate count of the Indictment:

| **Count** | **Tax Year** | **Tax Return Due Date** | **Minimum Gross Income for Filing Requirement** |
|---|---|---|---|
| Eight | 2011 | April 17, 2012 | $19,000 |
| Nine | 2012 | April 15, 2013 | $19,500 |
| Ten | 2013 | April 15, 2014 | $20,000 |
| Eleven | 2014 | April 15, 2015 | $20,300 |

Each in violation of Title 26, United States Code, Section 7203.

## COUNT TWELVE
### (Procurement of Citizenship or Naturalization Unlawfully)

26.      The factual allegations contained in Paragraphs 1 through 12 and 17 through 22 of this Indictment are re-alleged and incorporated herein.

27.      On June 27, 2011, **LUCIA ANDREA GATTA** signed, under the penalties of perjury, an Application for Naturalization (Form N-400), which she then submitted to the U.S. Citizenship and Immigration Services. Part 10, Question 15 of the defendant's Application for Naturalization asked: "Have you ever committed a crime or offense for which you were not arrested?" **LUCIA ANDREA GATTA** answered "No." The defendant did not disclose her failure to file federal tax returns that reported the existence of her BSI account (ending in 82962), or the dividend and interest income that the defendant earned each year through that foreign account, and **LUCIA ANDREA GATTA** did not disclose her failure to file FBARs reporting her ownership of, and control over, foreign financial accounts.

28.      On December 8, 2011, a U.S. Citizenship and Immigration Services Officer interviewed **LUCIA ANDREA GATTA** in conjunction with her Application for Naturalization. During her interview, the defendant did not disclose her failure to file federal tax returns that reported the existence of her BSI account (ending in 82962), or the dividend and interest income that the defendant earned each year through that foreign account. **LUCIA ANDREA GATTA**

also did not disclose her failure to file FBARs reporting her ownership of, and control over, foreign financial accounts.

29.     On January 9, 2012, **LUCIA ANDREA GATTA** submitted additional misleading documents to U.S. Citizenship and Immigration Services in conjunction with her Application for Naturalization. Those misleading documents purported to show minimal income reported to the IRS for the defendant for tax years 2006 to 2010 to substantiate her false statements made to the U.S. Citizenship and Immigration Services Officer. **LUCIA ANDREA GATTA** knew, however, that these documents did not disclose the existence of her BSI account (ending in 82962), or the dividend and interest income that the defendant earned each year through that foreign account.

30.     **LUCIA ANDREA GATTA** became a naturalized U.S. citizen on February 13, 2012.

31.     From on or about June 27, 2011 through on or about February 13, 2012, in Palm Beach County, Florida, in the Southern District of Florida, and elsewhere, the defendant,

**LUCIA ANDREA GATTA,**

knowingly procured and attempted to procure, contrary to law, naturalization, and documentary and other evidence of naturalization, for herself, in that (i) on June 27, 2011, the defendant knowingly subscribed and filed as true under penalty of perjury on her written Form N-400, Application for Naturalization ("N-400"), (ii) on December 8, 2011, the defendant knowingly made false material statements, under oath, to a U.S. Citizenship and Immigration Services officer during her naturalization interview, (iii) on January 9, 2012, the defendant knowingly presented misleading documents to U.S. Citizenship and Immigration Services to substantiate the false statements she made during her naturalization interview. In so doing, **LUCIA ANDREA GATTA** suggested she was qualified for naturalization, when the production of

truthful information would have led to the discovery of facts relevant to the Application for

Naturalization and her statutory ineligibility for naturalization.

In violation of Title 18, United States Code, Section 1425(a).

A TRUE BILL

_____
Foreperson

DAVID A. HUBBERT
Deputy Assistant Attorney General
U.S. Department of Justice, Tax Division

_____
Sean Beaty
Parker Tobin
Trial Attorneys
U.S. Department of Justice, Tax Division

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.____ _ _____ _____

v.

LUCIA ANDREA GATTA,

**CERTIFICATE OF TRIAL ATTORNEY**∗

Superseding Case Information:

_____ **Defendant.** _____ /

**Court Division**: (Select One)

| | | | | New defendant(s) | Yes ____ | No ____ |
| --- | --- | --- | --- | --- | --- | --- |
| ___ | Miami | ___ | Key West | Number of new defendants | ____ | |
| ___ | FTL | _✓_ | WPB ___ FTP | Total number of counts | ____ | |

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:    (Yes or No)    No
   List language and/or dialect    _____

4. This case will take __5__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | | | (Check only one) | |
   | --- | --- | --- | --- | --- | --- |
   | I | 0 to 5 days | _✓_ | Petty | ____ | |
   | II | 6 to 10 days | ____ | Minor | ____ | |
   | III | 11 to 20 days | ____ | Misdem. | ____ | |
   | IV | 21 to 60 days | ____ | Felony | _✓_ | |
   | V | 61 days and over | ____ | | | |

6. Has this case previously been filed in this District Court?    (Yes or No)    No
   If yes: Judge    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?    (Yes or No)    No ____
   If yes: Magistrate Case No.    _____
   Related miscellaneous numbers:    _____
   Defendant(s) in federal custody as of    _____
   Defendant(s) in state custody as of    _____
   Rule 20 from the District of    _____
   Is this a potential death penalty case? (Yes or No)    No __

7. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia O. Valle)?    Yes ____    No _✓_

8. Does this case originate from a matter pending in the Northern Region U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?    Yes ____    No _✓_

_Parker Tobin_
Sean Beaty and Parker Tobin, Trial Attorneys
ASSISTANT UNITED STATES ATTORNEY
VA Bar # 67941 Beaty; VA Bar # 91126 Tobin

∗Penalty Sheet(s) attached

REV 8/13/2018

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. _____

UNITED STATES OF AMERICA

v.

 LUCIA ANDREA GATTA,

                         Defendant.
_____/

**CRIMINAL COVER SHEET**

1.  Did this matter originate from a matter pending in the Central Region of the United States
    Attorney's Office prior to August 9, 2013 (Mag. Judge Alicia Valle)?        ___ Yes  ✔ No

2.  Did this matter originate from a matter pending in the Northern Region of the United States
    Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard)?   ___ Yes  ✔ No

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

BY:    _Parker Tobin_____

Sean Beaty and Parker Tobin, Trial Attorneys
ASSISTANT UNITED STATES ATTORNEY
District Court No.
101 South U.S. Highway 1, Suite 3100
Fort Pierce, Florida 34950
Tel:        202-616-2717 (Beaty); 202-514-0
Fax:       202-514-0961
Email:    Sean.P.Beaty@usdoj.gov; Parker.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

### PENALTY SHEET

**Defendant's Name:  LUCIA ANDREA GATTA**

| COUNT | VIOLATION | U.S. CODE | MAX. PENALTY |
|---|---|---|---|
| 1 | Failure to File Reports of Foreign Bank and Financial Accounts - 2012 | 31 U.S.C. §§ 5314 & 5322(a) | Max Imprisonment: 5 years<br>Max Fine: $250,000 or twice the greater of the gross gain or loss<br>Max Supervised Release Term: 3 years |
| 2 | Failure to File Reports of Foreign Bank and Financial Accounts - 2013 | 31 U.S.C. §§ 5314 & 5322(a) | Max Imprisonment: 5 years<br>Max Fine: $250,000 or twice the greater of the gross gain or loss<br>Max Supervised Release Term: 3 years |
| 3 | Failure to File Reports of Foreign Bank and Financial Accounts - 2014 | 31 U.S.C. §§ 5314 & 5322(a) | Max Imprisonment: 5 years<br>Max Fine: $250,000 or twice the greater of the gross gain or loss<br>Max Supervised Release Term: 3 years |
| 4 | Tax Evasion - 2011 | 26 U.S.C. § 7201 | Max Imprisonment: 5 years<br>Max Fine: $100,000 or twice the greater of the gross gain or loss<br>Max Supervised Release Term: 3 years<br>Costs of Prosecution |
| 5 | Tax Evasion - 2012 | 26 U.S.C. § 7201 | Max Imprisonment: 5 years<br>Max Fine: $100,000 or twice the greater of the gross gain or loss<br>Max Supervised Release Term: 3 years<br>Costs of Prosecution |
| 6 | Tax Evasion - 2013 | 26 U.S.C. § 7201 | Max Imprisonment: 5 years<br>Max Fine: $100,000 or twice the greater of the gross gain or loss<br>Max Supervised Release Term: 3 years<br>Costs of Prosecution |
| 7 | Tax Evasion - 2014 | 26 U.S.C. § 7201 | Max Imprisonment: 5 years<br>Max Fine: $100,000 or twice the greater of the gross gain or loss<br>Max Supervised Release Term: 3 years<br>Costs of Prosecution |

| 8 | Failure to File Tax Returns – 2011 | 26 U.S.C. § 7203 | Max Imprisonment: 1 year<br>Max Fine: $25,000 or twice the greater of the gross gain or loss<br>Max Supervised Release Term: 1 year<br>Costs of Prosecution |
|---|---|---|---|
| 9 | Failure to File Tax Returns – 2012 | 26 U.S.C. § 7203 | Max Imprisonment: 1 year<br>Max Fine: $25,000 or twice the greater of the gross gain or loss<br>Max Supervised Release Term: 1 year<br>Costs of Prosecution |
| 10 | Failure to File Tax Returns – 2013 | 26 U.S.C. § 7203 | Max Imprisonment: 1 year<br>Max Fine: $25,000 or twice the greater of the gross gain or loss<br>Max Supervised Release Term: 1 year<br>Costs of Prosecution |
| 11 | Failure to File Tax Returns – 2014 | 26 U.S.C. § 7203 | Max Imprisonment: 1 year<br>Max Fine: $25,000 or twice the greater of the gross gain or loss<br>Max Supervised Release Term: 1 year<br>Costs of Prosecution |
| 12 | Procurement of Citizenship or Naturalization Unlawfully | 18 U.S.C. § 1425(a) | Max Imprisonment: 10 years<br>Max Fine: $250,000<br>Max Supervised Release Term: 3 years |