UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:21-cr-8019-AMC

**UNITED STATES OF AMERICA,**

v.

**LUCIA ANDREA GATTA,**

    **Defendant.**

### UNITED STATES' PROFFERED FACTUAL BASIS IN SUPPORT OF DEFENDANT'S GUILTY PLEA

Defendant **LUCIA ANDREA GATTA** has indicated that she intends to plead guilty to Counts Eight, Nine, and Ten (willful failure to file tax returns for tax years 2011 through 2013) and Twelve (naturalization fraud) of the Indictment against her. Below the United States outlines the elements it would have had to prove beyond a reasonable doubt at trial, and the facts the government would have proved at trial to satisfy its burden.

**Elements**

Counts Eight through Ten of the Indictment charge the defendant with willful failure to file federal income tax returns for tax years 2011 through 2013, each in violation of 26 U.S.C. § 7203. At trial, the government would have had to prove the following elements beyond a reasonable doubt:

    (1) The defendant was required by law or regulation to file an income-tax return for each taxable year charged;

    (2) The defendant failed to file a return when required by law; and

    (3) At the time the defendant failed to file each return, she knew she was required by law to file a return.[1]

---

[1] *See* 26 U.S.C. 7203; 11th Cir. Pattern Instructions, O108.

Count Twelve of the Indictment charges the defendant with naturalization fraud, in violation of 18 U.S.C. § 1425(a). At trial, the government would have had to prove the following elements beyond a reasonable doubt:

(1) The defendant knowingly procured;

(2) Contrary to law; and

(3) The naturalization of any person, or documentary or other evidence of naturalization or citizenship.[2]

Insomuch as the grand jury charged **LUCIA ANDREA GATTA** with procuring naturalization contrary to law based on false statements to U.S. Citizenship and Immigration Services ("USCIS") regarding her failure to report her income to the IRS and means of financial support in prior tax years, the government would also have had to prove at trial that the defendant's false statements were causally connected to USCIS's decision to grant naturalization.[3]

**Government's Evidence That Would Be Proven at Trial**

If **LUCIA ANDREA GATTA** had proceeded to trial on Counts Eight, Nine, Ten, and Twelve of the Indictment against her, the government would have proved each element of those crimes, beyond a reasonable doubt, with the following facts:[4]

1.  **LUCIA ANDREA GATTA** was born in the Republic of Chile and was initially admitted to the United States in June 2001. The defendant applied to be a legal permanent resident of the United States in February 2003.

---

[2] *See* 18 U.S.C. § 1425(a); 11th Cir. Pattern Instructions, O120.

[3] *Maslenjak v. United States*, 582 U.S. 335 (2017).

[4] In preparation for the defendant's change of plea hearing, the government provided the defendant's counsel with a substantially similar stipulated factual basis for the defendant's consideration and signature. Counsel for Gatta informed the government that the defendant would not stipulate to these facts and that the defendant would instead submit her own statement of facts in support of the Court's Fed. R. Crim. P. 11(b)(3) determination.

2. In January 2004, **LUCIA ANDREA GATTA** established an account with a bank headquartered in Lugano, Switzerland ("Swiss Bank A"). The defendant's account with Swiss Bank A was held in the name "Intensidad."

3. In March 2007, **LUCIA ANDREA GATTA** established a discretionary settlement (*i.e.*, a trust) with a subsidiary of Swiss Bank A headquartered in the Channel Islands. The defendant's trust was called "The Incantatrice Settlement" (hereinafter, "the Enchantress trust"). **LUCIA ANDREA GATTA** was both the settlor and primary beneficiary of the Enchantress trust.

4. In March 2007, **LUCIA ANDREA GATTA** transferred 8,100 shares of stock in San Faustin, N.V. to the Enchantress trust. However, **LUCIA ANDREA GATTA** retained a life usufruct right[5] over any dividend per share issued by San Faustin N.V.

5. In tax years 2007 through 2013, **LUCIA ANDREA GATTA** received dividend and interest income in the Intensidad account. The defendant also received dividends from her shares in San Faustin N.V. (and its successor, San Faustin S.A.) in tax years 2007 through 2013.

6. Notwithstanding the fact that the defendant earned income in her Intensidad account and through her shares in San Faustin N.V. (and its successor, San Faustin S.A.) in excess of the minimum filing threshold each year, and aware of her obligation to file federal tax returns, **LUCIA ANDREA GATTA** willfully failed to file federal tax returns with the Internal Revenue Service for tax years 2007 through 2013.

7. For tax years 2007 through 2013, **LUCIA ANDREA GATTA** failed to report more than $2 million of dividend and interest income, resulting in a tax loss to the United States of more than $550,000, excluding penalties and interest.

---

[5] Usufruct is the right to benefit from property while title to that property belongs to another person. *See, e.g., Boggs v. Boggs*, 520 U.S. 833, 836 (1997) ("A lifetime usufruct is the rough equivalent of a common-law life estate.")

8. On June 27, 2011, **LUCIA ANDREA GATTA** signed, under penalty of perjury, an Application for Naturalization (Form N-400), which she then submitted to USCIS. Part 10, Question 15 of the defendant's Application for Naturalization asked: "Have you ever committed a crime or offense for which you were not arrested?" **LUCIA ANDREA GATTA** falsely answered "No." The defendant did not disclose her willful failure to file federal tax returns that reported the existence of the Intensidad account or the Enchantress trust, or the dividend and interest income that she earned outside the United States each year.

9. On December 8, 2011, a USCIS Officer interviewed **LUCIA ANDREA GATTA** in conjunction with her Application for Naturalization. During her interview, the defendant again failed to disclose her prior willful failure to file federal tax returns that reported the existence of the Intensidad account or the Enchantress trust, or the dividend and interest income that she earned outside the United States each year. At the conclusion of her interview, USCIS instructed **LUCIA ANDREA GATTA** to provide documentary support of her claims that she was not required to file federal income tax returns for tax years 2006 through 2010 and that she had been financially supported by her father during that period.

10. On January 9, 2012, **LUCIA ANDREA GATTA** submitted additional documents to USCIS in conjunction with her Application for Naturalization. Those documents purported to show minimal income reported to the IRS for the defendant for tax years 2006 to 2010. **LUCIA ANDREA GATTA** knew, however, that these documents did not disclose the existence of the Intensidad account or the Enchantress trust, or the dividend and interest income that she earned outside the United States each year. The defendant also provided USCIS with a declaration from her father that claimed that he had financially supported the defendant during tax years 2006

through 2010 when **LUCIA ANDREA GATTA** knew, in fact, that she had financially supported her parents during that period with the income she earned outside the United States.

11.  **LUCIA ANDREA GATTA** became a naturalized U.S. citizen on February 13, 2012. At trial, the government would have offered testimony from a USCIS Officer that the defendant's false statements regarding her failure to file tax returns in tax years 2006 through 2010 and her financial support during that period were causally connected to the United States' decision to grant **LUCIA ANDREA GATTA** naturalization.

12.  **LUCIA ANDREA GATTA** relocated from the United States to Italy in 2019. After learning about the Indictment against her, the defendant challenged her extradition from Italy to the United States. In August 2023, the Italian government ordered the defendant extradited to the United States to stand trial on Counts Eight through Ten and Twelve of the Indictment.

> DAVID A. HUBBERT
> ACTING ASSISTANT ATTORNEY GENERAL
>
> Sean Beaty
> Senior Litigation Counsel
> Parker R. Tobin
> Trial Attorney
> U.S. Department of Justice, Tax Division
> 150 M Street, NE, Rm. 1.204
> Washington D.C. 20002
> (202) 616-2717
> Sean.P.Beaty@usdoj.gov

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that on October 24, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will serve a copy of this document on all counsel of record.

                                        /s/ Sean Beaty
                                        Sean Beaty
                                        Senior Litigation Counsel, Tax Division